UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| RANDY BROWN, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 16-0947 (EGS) |
| DISTRICT OF COLUMBIA, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Randy Brown, appearing *pro se*, sues the District of Columbia, claiming that its Rehabilitation Services Administration ("RSA") has "engaged in a continuing pattern of discriminatory conduct" against him, in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12131 *et seq.*; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.*; and the D.C. Human Rights Act ("DCHR"), D.C. Code § 2-1401.01 *et seq.* Am. Compl. at 1 [Dkt. # 3]. The District has moved to dismiss under Federal Rules of Civil Procedure 8 and 12(b)(6) [Dkt. # 10], which plaintiff has opposed. For the reasons explained below, the Court finds that plaintiff has alleged sufficient facts to withstand a motion to dismiss. Therefore, defendant's motion will be denied.

**I. BACKGROUND**

RSA is a division of the District's Department of Disability Services that provides vocational and rehabilitative services to individuals with disabilities "to help them prepare for, secure, regain or retain employment." Def.'s Mem. at 2, n.1. Eligible individuals are assigned a

1

vocational rehabilitation counselor who assists with developing an Individualized Plan for Employment. RSA's "comprehensive rehabilitation services . . . may include . . . assessment services, . . . vocational training or other post-secondary education, job search, job placement and job coaching[.]" *Id*.

Plaintiff is a client of RSA who "has a cognitive disability but has high aptitude in verbal skills and in abstract reading, thereby affording options for retraining in various occupational endeavors that involve analytic research and writing." Am. Compl. ¶ 2. Plaintiff alleges, among other wrongs, that because of his disability, RSA has denied his requests for assistance in pursuing legal studies or a career as an art appraiser.

## II. LEGAL STANDARD

A defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Such motions "test the legal sufficiency of a complaint." *Millennium Square Residential Ass'n v. 2200 M St. LLC*, 952 F. Supp. 2d 234, 242 (D.D.C. 2013). In assessing a motion to dismiss, the "complaint is construed liberally in the plaintiff['s] favor, and [the Court] grant[s] plaintiff[ ] the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)). The "court need not accept inferences drawn by [the] plaintiff[ ] if such inferences are unsupported by the facts set out in the complaint." *Id*. Nor must the Court accept "a legal conclusion couched as a factual allegation," nor "naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see also Aktieselskabet AF 21. November 2001 v. Fame Jeans Inc*., 525 F.3d 8, 17 n.4 (D.C. Cir. 2008) (noting that the D.C. Circuit has "never accepted legal conclusions cast in the form of factual allegations" (internal quotation marks omitted)). But since Rule 8(a) requires that a

complaint provide only a short and plain statement of the claim showing that the pleader is entitled to relief and the jurisdictional grounds upon which the claim rests, a plaintiff need not plead all elements of his *prima facie* case in the complaint, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-14 (2002), or "plead law or match facts to every element of a legal theory," *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000) (internal quotation marks and citation omitted).

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Although a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted), it too, "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct,' " *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

### III. DISCUSSION

Under Title II of the ADA "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The Rehabilitation Act substantially proscribes the same conduct by recipients of federal funds. *See Johnson v. Thompson*, 971 F.2d 1487, 1492 (10th Cir. 1992) ("To prevail on the Rehabilitation Act claim, plaintiff must show: (a) she is a disabled person, (b)

she was 'otherwise qualified' to receive treatment from defendant, (c) defendant refused to treat her 'solely by reason of' her disability, and (d) defendant receives federal financial assistance."); *Henrietta D. v. Giuliani*, 119 F. Supp. 2d 181, 206 (E.D.N.Y. 2000) ("Although there are subtle differences between these disability acts, 'the standards adopted by Title II of the ADA for State and local government services are generally the same as those required under section 504 of federally assisted programs and activities.' ") (citing 28 C.F.R. Pt. 35, App. A); *Sumes v. Andres*, 938 F. Supp. 9, 11 (D.D.C. 1996) (same). In addition, the Court's analysis of claims brought under the federal anti-discrimination statutes applies equally to claims brought under the DCHRA. *See Boykin v. Gray*, 895 F. Supp. 2d 199, 219 (D.D.C. 2012) ("District of Columbia courts interpreting the DCHRA 'have generally looked [for guidance] to cases from the federal courts' arising under federal civil rights statutes. . . . Therefore, the D.C. law is applied in the same manner as the parallel federal antidiscrimination provisions.") (quoting *Whitbeck v. Vital Signs, Inc.*, 116 F.3d 588, 591 (D.C. Cir. 1997); *Paralyzed Veterans of Am. v. Ellerbe Becket Architects & Engineers, P.C.*, 950 F. Supp. 393, 405 (D.D.C. 1996) (other citations omitted)).

It does not take much pleading to withstand a motion to dismiss in the discrimination context. *See McNair v. District of Columbia*, 213 F. Supp. 3d 81, 86 (D.D.C. 2016) ("[A]t the motion-to-dismiss stage, a plaintiff does not need to prove a prima facie case of discrimination.") (citing *Swierkiewicz*, 534 U.S. at 510-12; *Twombly*, 550 U.S. at 569-70, affirming that *Swierkiewicz* remains good law); *Alston v. D.C.*, 561 F. Supp. 2d 29, 37 (D.D.C. 2008) (finding allegations that plaintiff "is a qualified individual with a disability under the ADA . . . that the defendants . . . prevented her from participating in DCPS's Program of Indirect Services[,] [and] . . . that the defendants denied [plaintiff] the benefits of an appropriate academic placement

'solely by reason of her disability' . . . more than enough to state a claim upon which relief may be granted" under Title II of the ADA).

Plaintiff faults defendant mostly for organizational and managerial deficiencies that are not proscribed by the federal anti-discrimination statutes, *see* Am. Compl. ¶¶ 4-24, but he also alleges facts suggesting that because of his disability, RSA refused to provide certain programmatic services to him for which he qualified. He alleges that a counselor took "liberties with facts pertaining to Plaintiff's disability" when she "draft[ed] a letter falsely asserting that Plaintiff 'understands oral communication better than written communication,' a misrepresentation that later interfer[ed] with Plaintiff's rights under the ADA," Am. Compl. ¶¶ 13-14, and that RSA administrators denied his request "to receive services related to legal studies . . . by asserting that Plaintiff's disability precludes [his] studying law," Am. Compl. ¶ 129. Plaintiff also suggests that he was denied a requested "modification" to pursue legal studies because of his disability, *see id*. ¶¶ 133-37, or perceived disability, *see id*. ¶ 130 (alleging that a counselor "demean[ed]" him by "informing Plaintiff that unless information is spoken that [he] might 'misunderstand or misinterpret the meaning' ").

Accepting plaintiff's allegations as true and drawing all inferences in his favor, the Court finds that plaintiff has alleged sufficient facts to survive defendant's motion to dismiss. To the extent that defendant has legitimate, non-discriminatory reasons for the challenged actions, it may assert them on summary judgment. *See* Fed. R. Civ. P. 56.

Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss [Dkt. # 10] is **DENIED**; it is further

**ORDERED** that pursuant to Local Civil Rule 16.3, the parties shall confer and file a written report and proposed order in accordance with subsection (d) by **October 23, 2017**.

                                        SIGNED:    EMMET G. SULLIVAN
                                        UNITED STATES DISTRICT JUDGE

DATE:  September 18, 2017