UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

RANDY BROWN
Plaintiff

v.    Case No. 16-0947 - EGS

DISTRICT OF COLUMBIA

## JUDICIAL ERRORS RELATED TO THE MEMORANDUM ORDER IN BROWN v. DISTRICT OF COLUMBIA CASE No. 16-0947

### INTRODUCTION

*The Model Code of Judicial Conduct* prohibits the commission of errors by the court that adversely affect Plaintiff's ability to be heard.

The error in question occurs after the Court Deputy, Mr. Mark Coates, issued an email that acknowledged Plaintiff's written notification of the necessity for the court to provide electronic communication, informing the court that the address on file had no mailbox for mail delivery.

Plaintiff informed Mr. Coates that as a result of Plaintiff's cognitive disability that electronic communication served as a type of auxiliary aid to offset Plaintiff's organizational and memory challenges caused by Plaintiff's disability.

In response to Plaintiff's written notification to Judge Sullivan's Chamber's, Plaintiff received emails on nine occasions from 10/26/17 through 11/8/18 consistent with Plaintiff's request as promised by Mr. Coates.

However, the court did not provide a copy of the *Memorandum Order* dated 9/17/19 electronically as promised but instead delivered the Order via regular mail to the physical address that the court had previously acknowledged did not have mailbox for mail delivery.

Judge Sullivan was frequently in the media discussing immigration issues, and Plaintiff understood the court to be preoccupied with important matters that took priority over Plaintiff's case.

### ARGUMENT



The judicial error related to the decision to send the *Memorandum Order* to an address which the court had previously acknowledged to be incapable of receiving mail occurs in conjunction with the decision by the court to revoke the agreement with Plaintiff to provide electronic communication to ensure that Plaintiff received timely communication from the court.

The errors in question adversely impact Plaintiff's ability to be heard, by denying Plaintiff, pro se timely receipt of information from the court.

Question A :   Do the errors in question allow for equitable doctrines as a remedy for the harm caused to Plaintiff's case?

Question B :   Did the court also commit errors in drafting the Memorandum Order?

**CASELAW**

In Brown v. District of Columbia the question of equitable tolling occurs in the context of judicial error, a non-Plaintiff induced mistake that prevented Plaintiff from receiving the *Memorandum Order* in a timely manner.

The District of Columbia Circuit has applied the discovery rule as an equitable remedy for problems resulting from a defendant's efforts to cause a Plaintiff to act outside the statute of limitations **See**, *Hornblower v. George Washington University, 31 App. DC. 64 (1908)* (if the defendant has done anything to lull the plaintiff into inaction).

Does similar reasoning apply to an action by the court that prevents a Plaintiff from being heard by failing to provide timely notification of orders. (**See,** *Model Code of Judicial Conduct*)

**THE AGREEMENT ENSURING TMELY COMMUNICATION**

Plaintiff notified the court of Plaintiff's cognitive disability requiring that Plaintiff receive electronic communication as a result of memory and organizational deficits.

On October 25, 2017, Plaintiff notified Court Deputy Mr. Mark Coates via email that electronic communication was a type of auxiliary aid to mitigate the ill effects of Plaintiff's cognitive disability:

> While your offer to email communications from the Court is most considerate, I am nevertheless disadvantaged; the defense receives information irrespective of whether you are out of the office or involved in other business.
>
> As a litigant who is cognitively disabled and unrepresented, electronic communication is not a vain request, and with the utmost respect to the Court, I must press the matter of receiving electronic communication . . .
>
> **I previously asked that the Court not send paper communication to the address on file and have informed the Post Office for the past several years not to deliver mail. In fact, I have removed the mailbox.**
>
> **I have taken special care to make sure that all important communication is received electronically** (**See**, email dated 10/25/17 to Deputy Coates, Exhibit A.,)

On the following day, Mr. Mark Coates responded to Plaintiff's email:

> I have passed on your concerns about electronic communications with Judge Sullivan and the rest of the staff. As soon as I get any word or input from Judge Sullivan about anything in your case, I will let you know immediately. Thanks again for sharing your concerns with me (**See**, Mr. Coates' email, Exhibit B.,)

Following receipt of Mr. Coates' email the court provided electronic communication on the following dates 10/26/17, 2/8/18, 2/9/18, 3/28/18, 3/28/18, 7/20/18, 11/2/18, 11/8/18/ and 3/24/21 (the final date reflects the date when the court provided a copy of the Memorandum Order dated 9/12/19)

### LENGHT OF TIME FOR DRAFTING THE MEMORANDUM ORDER

Neither the *Local Rules for the US District Court for the District Court for the District of Columbia* nor the *Bench Book for US District Court Judges* sets a timeframe for a federal judge to submit an Order.

Judge Sullivan took nearly a year to draft the Memorandum Order but did not provide

Plaintiff a copy in a manner that afforded Plaintiff timely notification.

## ERRORS IN THE MEMORANDUM ORDER

In addition to errors related to the decision to send the Memorandum Order to an address without a mailbox, the court drafts the *Memorandum Order* by taking out of context key facts in Plaintiff's Response to Defendant's Motion to Dismiss, an error by which the court omits material content from Plaintiff's fact pattern necessary to establish Plaintiff's allegations of discrimination in violation of title II of the ADA.

For example, Plaintiff's Response to Defendant's Motion to Dismiss makes three central allegations:

> 1. Mr, Keefe a supervisor at RSA scheduled a meeting with Plaintiff where Mr. Keefe ordered Plaintiff to sign a falsely worded IEP stating that Plaintiff had requested to accept employment as a teacher, a statement at variance with medical authorities that recommended that Plaintiff not return to teaching as result PTSD resulting from Plaintiff's suffering two head injuries involving assaults that occurred while working as a teacher.
>
> Mr. Keefe positioned his chair near the exit of the small room where the meeting was held uttering threats and insults, while ordering Plaintiff to sign the falsely worded IEP.
>
> As a consequence of Plaintiff's refusal to sign the IEP, Mr. Keefe terminated services.
>
> 2. A few months after University Legal Services persuaded RSA to reopen Plaintiff's case. RSA subsequently retaliates against Plaintiff when Ms. Cummings who works under Mr. Keefe, upon learning that Plaintiff's had an appointment for cancer treatment for an aggressive tumor at the University of Pennsylvania Cancer Center on April 27, 2015 scheduled a meeting that directly conflicted

> with Plaintiff's appointment, refusing reschedule or to provide a reasonable modification.

The court erred by omitting facts resulting in the issuance of the following false statement:

> Plaintiff avers that on April 27, 2015, he "drove from Philadelphia with a medical excuse after receiving treatment" and "emailed the excuse to RSA (Aff. of Randy Brown, 25).

The *Memorandum Order* omits to mention that under title II of the ADA cancer is a disability, thereby overlooking how Ms. Cummings and her supervisor Mr. Keefe both refused to provide reasonable modifications in order for Plaintiff to receive services from RSA. In effect, Ms. Cummings' conduct works in concert with and functions as a continuation of the same type of coercive and discriminatory tactic as used by Mr. Keefe, her supervisor.

**REQUEST FOR RELIEF**

As a result of the actions of the court that resulted in Plaintiff's untimely receipt of the *Memorandum Order*, Plaintiff requests that the current pleading be accepted as both a request for reconsideration and as a notice of appeal.

Therefore, Plaintiff's pleading notifies the District Court of errors on the part of the District Court.

Plaintiff also seeks Appellate review to correct the prejudice caused by the District Court's failure to provide Plaintiff timely notification of the *Memorandum Order* in addition to the District Court's committing errors and omissions in drafting the *Memorandum Order*.

Date: 4/15/21

*/s/ Randy Brown*

Randy Brown, Plaintiff, pro se
Email: zeugma7@verizon.net
Phone: 202-701-9974